## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TAMMY R. BOGLE,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0032** (BOR Appeal No. 2051447)
(Claim No. 2015018045)

**BLUEFIELD REGIONAL MEDICAL CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tammy R. Bogle, by Reginald D. Henry her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bluefield Regional Medical Center, by Mark J. Grigoraci its attorney, filed a timely response.

The issue on appeal is whether the diagnosis of sciatica should be added as a compensable condition in the claim. This appeal originated from the November 6, 2015, claims administrator's decision denying the request to add low back pain, sciatica, and abnormal gait as compensable conditions in the claim and the January 26, 2016,[1] claims administrator's decision denying the request to add the diagnoses of left-sided low back pain with sciatica, bulging lumbar disc, numbness in feet, spasm of muscle, right-side low back pain with sciatica, annular tears of the lumbar disc, and flattening of the nerve root sleeve as compensable conditions of the claim. In its July 22, 2016, Order, the Workers' Compensation Office of Judges affirmed the claims administrator's denial of the requested conditions. The Board of Review's Final Order dated December 16, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] The claims administrator's decision references a diagnosis update dated January 21, 2015. No diagnosis update with this date was submitted into the record. Counsel for both parties are in accord that the claims administrator was referring to a diagnosis update dated January 18, 2016.

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Tammy R. Bogle, a registered nurse, was injured in the course of her employment on January 4, 2015, when she was attempting to lift a patient and felt pain in her lower back, tailbone, and buttocks. Ms. Bogle proceeded to the emergency room and underwent x-rays of the sacrum and coccyx, which failed to reveal the presence of an acute osseous abnormality. X-rays of the lumbar spine revealed mild lumbar spondylosis and atherosclerotic disease but no acute osseous injury. An Employees' and Physicians' Report of Occupational Injury was completed and the physician's section listed the diagnoses as myofascial lumbar strain and acute low back pain. On February 10, 2015, the claims administrator held the claim compensable for the diagnosis of lumbar sprain.

Ms. Bogle subsequently underwent a lumbar MRI on February 13, 2015, which revealed no significant spinal stenosis, neuroforaminal narrowing, discrete disc herniation, or subluxation. Ms. Bogle was diagnosed as suffering from mild degenerative disc disease. Ms. Bogle sought treatment from Heip Le, D.O., for complaints of acute low back pain. On March 4, 2015, Dr. Le examined Ms. Bogle, who was tearful as she described her pain as moderate to severe. Ms. Bogle represented that any type of movement or seating made her pain worse. Dr. Le was unable to do any kind of musculoskeletal examination due to Ms. Bogle's discomfort. Ms. Bogle refused to sit or lay down on the table in order to be examined. Dr. Le noted that it was very difficult to determine why Ms. Bogle was having such severe pain without a musculoskeletal examination. Dr. Le reviewed the lumbar MRI and noted that it was unremarkable. Dr. Le referred Ms. Bogle for physical therapy. Ms. Bogle requested a referral to a neurosurgeon and Dr. Le stated that he opposed this as he did not anticipate any surgery being warranted. Nevertheless, Dr. Le requested that Ms. Bogle be approved to see a neurosurgeon for a second opinion given her continued back pain. Dr. Le released Ms. Bogle to return to work on May 23, 2015, without restrictions.

On May 28, 2015, Ms. Bogle underwent an independent medical evaluation performed by Robert Kropac, M.D., an orthopedic surgeon. At the time of evaluation, Ms. Bogle reported constant low back pain which increased with her daily activities. As part of the evaluation, Dr. Kropac reviewed Ms. Bogle's clinical history, which included a report from the office of John H. Schmidt III, M.D., dated April 29, 2015. Dr. Schmidt had examined Ms. Bogle and diagnosed her as suffering from lumbosacral spondylosis and lumbosacral strain. Dr. Schmidt saw no evidence for surgical intervention. After reviewing the medical history, Dr. Kropac performed a physical examination and found that Ms. Bogle's range of motion was restricted due to increased low back pain. Ms. Bogle exhibited normal strength and Dr. Kropac saw no evidence of atrophy. Dr. Kropac concluded that Ms. Bogle suffered from a thoracic strain, which had resolved, and a lumbosacral strain secondary to her compensable injury. Dr. Kropac found that Ms. Bogle had reached her maximum medical improvement.

On June 1, 2015, Ms. Bogle sought treatment from a nurse practitioner, Kerri Jackson, for complaints of low back pain, numbness, a cold feeling in her legs, and pain in her buttocks. Ms. Bogle expressed to Ms. Jackson that her recent MRI revealed a bulging disc. Ms. Bogle also

2

noted that she had recently felt a "burst" sensation in her low back and that her right leg became numb afterwards. Ms. Jackson diagnosed hypertension, back pain, pain in limb, numbness, and edema. On June 18, 2015, Ms. Bogle sought treatment at the Carilion Clinic with complaints of low back pain. Ms. Bogle represented that she experienced an exacerbation two days prior with pain radiating to her left leg. Ms. Bogle underwent an x-ray which failed to reveal a fracture or dislocation.

Ms. Bogle's symptoms continued and she underwent a second MRI of the lumbar spine on July 14, 2015. The MRI was interpreted as revealing mild degenerative disc dehydration changes at L4-5 and L5-S1 with mild L4-5 left lateral posterior disc bulging and slight flattening of the undersurface of the left nerve root sleeve. On October 9, 2015, Ms. Jackson completed a diagnosis update requesting that sciatica and abnormal gait be added as compensable components of the claim. The claims administrator denied the request on November 6, 2015, as well as a request to reopen the claim for temporary total disability benefits.[2]

On January 4, 2016, Ms. Bogle returned to the Carilion Clinic with complaints of chronic back pain with a worsening onset of five days. Ms. Bogle expressed that she had been told that she had multiple bulging discs and had been undergoing physical therapy to treat her symptoms. Ms. Bogle was diagnosed with right sciatica and right-sided low back pain with right-sided sciatica. Subsequently, on January 18, 2016, Ms. Jackson completed a second diagnosis update in which she requested that the diagnoses of left-sided low back pain with sciatica, bulging lumbar disc, numbness in feet, spasm of muscle, right-side low back pain with sciatica, annular tears of the lumbar disc, and flattening of the nerve root sleeve be included as compensable conditions of the claim. On January 26, 2016, the claims administrator denied the request for the additional compensable conditions made in the diagnosis update dated January 18, 2016. The claims administrator noted that previous diagnostic testing demonstrated degenerative changes in the lumbar spine and held that the requested diagnoses were due to degenerative conditions.

On July 22, 2016, the Office of Judges affirmed the claims administrator's decision denying the diagnoses of low back pain, sciatica, and abnormal gait. The Office of Judges determined that Ms. Bogle failed to meet her burden in proving that the requested diagnoses were causally related to the compensable injury. The initial x-rays performed after the injury demonstrated mild lumbar spondylosis and atherosclerotic disease. The initial MRI revealed mild degenerative disc disease. Ms. Bogle was evaluated by several physicians following her injury. Dr. Le was unable to examine Ms. Bogle due to her unwillingness to cooperate and returned her to work without restrictions. Dr. Schmidt diagnosed lumbosacral spondylosis and lumbosacral strain. Dr. Kropac diagnosed a resolved thoracic strain and lumbosacral strain secondary to her compensable injury. However, Ms. Bogle continued to suffer from symptoms that she attributed to the compensable injury and sought treatment from a nurse practitioner, who diagnosed hypertension, back pain, pain in limb, numbness, and edema. Ms. Bogle subsequently underwent

---

[2] Ms. Bogle appealed this decision as well as a June 2, 2015, claims administrator's decision closing the claim for temporary total disability benefits. The Court addressed those issues in *Tammy R. Bogle v. Bluefield Regional Medical Center*, No. 17-0034 (W.Va. Supreme Court, October 6, 2017)(memorandum decision)

more x-rays, which again failed to reveal the presence of a fracture or dislocation. A second MRI was interpreted as revealing mild degenerative disc dehydration changes at multiple levels with mild L4-5 left lateral posterior disc bulging and a slight flattening of the undersurface of the nerve root sleeve. Ms. Jackson completed two diagnosis updates requesting that an extensive list of diagnoses be added as compensable conditions in the claim. The Office of Judges concluded that a preponderance of the medical evidence established that Ms. Bogle sustained a lumbosacral sprain/strain type of injury superimposed on mild pre-existing degenerative changes. Ms. Bogle was determined to have reached maximum medical improvement and no intervening injury was established. The Office of Judges determined that the diagnoses of low back pain and abnormal gait were symptoms rather than actual diagnoses and declined to add them to the claim. The Office of Judges found that sciatica could be attributable to either Ms. Bogle's pre-existing degenerative processes or the compensable injury. While the Carilion Clinic and Ms. Jackson diagnosed sciatica, the etiology remains uncertain. Neither Ms. Bogle's treating physician nor the other evaluating physicians in this claim have diagnosed Ms. Bogle with sciatica or found that condition is related to the compensable injury. Ultimately, the Office of Judges concluded that the evidence fails to establish a connection between Ms. Bogle's "now-present symptoms" or diagnoses and the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 16, 2016.

After review, we agree with the findings of fact and conclusions of law of the Office of Judges as affirmed by the Board of Review. Several physicians of record have examined Ms. Bogle and yet it remains that only Ms. Jackson, a nurse practitioner, has sought to add the diagnosis of sciatica to the claim. Several x-rays and an MRI performed around the time of the compensable injury failed to demonstrate anything of traumatic etiology, but did indicate several degenerative conditions. Ms. Bogle failed to prove that her current symptoms are a result of her compensable injury rather than her non-compensable degenerative conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker